COTHRAN, APPELLANT, *v.* REGISTRAR OF ARECIBO, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Deed of Sale and Mortgage.

No. 323.—Decided July 24, 1917.

RECORD OF TITLE—CONJUGAL PARTNERSHIP—COMMUNITY PROPERTY—CONFLICT OF LAWS.—If a citizen of the State of New York, where the conjugal part-nership does not exist under the law and where the property acquired by the husband during wedlock, other than the separate property of the wife, belongs to and may be freely disposed of by him, purchases real prop-erty in Porto Rico while married, after the death of his wife he may con-vey or encumber the same without liquidating the conjugal partnership, as section 1322 of the Civil Code, which considers it as partnership prop-erty, is not applicable.

ID.—ID.—CITIZENSHIP—EVIDENCE.—Three affidavits were presented in the reg-istry to show that the appellant was a citizen of the State of New York, where he was married and resides, and as the decision appealed from does not state as a ground for refusal to record the instrument that his citi-zenship could not be proved in that way, it cannot be contended at this time that such proof was insufficient for the said purpose.

The facts are stated in the opinion.
*Mr. Gustavo Zeno Sama* for the appellant.
The respondent appeared *pro se.*.

MR. JUSTICE ALDREY delivered the opinion of the court.

By a deed of June 1, 1917, John T. Cothran sold to José Terrón y Riollano a property which he had purchased dur-

ing the lifetime of his wife and presented the said instrument, together with other documents, in the Registry of Property of Arecibo for record. The registrar refused to admit the same to record for the reasons stated in the following decision subjoined to the deed:

"The record of the purchase and sale and mortgage contained in the above instrument is refused because it appears in the registry that the vendor, John T. Cothran, acquired the property while married and now, being a widower, sells it without any showing that the conjugal partnership has been liquidated; for although it appears from the affidavits exhibited that the said vendor married Ella B. Mitchell in the State of New York, where the conjugal partnership does not exist, the Supreme Court of Porto Rico, in its decision of February 1, 1917, in the case of *Bracons* v. *Registrar of San Juan,* held, in accordance with the provisions of section 10 of the Revised Civil Code, that real property is subject to the laws of the country in which it is situated. In accordance with the provisions of section 7 of the Act of March 1, 1902, a cautionary notice is entered, etc."

If a citizen of the State of New York, U. S. A., where the legal conjugal partnership does not exist and where all property acquired by the husband during wedlock, not the separate property of the wife, belongs to and may be freely disposed of by him, purchases real property in Porto Rico while married, can he alienate or encumber said property after the death of his wife without first liquidating the conjugal partnership? That is the question involved in this appeal from the decision of the registrar.

In the case of *Bartholomew* v. *Allen et al.,* 24 P. R. R. 347, we held that the acquisition of realty in a State in which, like ours, the legal conjugal partnership is recognized, does not create such partnership between the spouses if it does not exist in the State in which they were married, and that as such partnership does not exist in the State of New York, section 1322 of the Civil Code, prescribing that all the property of the marriage shall be considered as partnership prop-

erty, is not applicable and, therefore, the presumption which it creates in this respect disappears.

According to this doctrine, there being no presumption that the property alluded to herein is community property, it is not necessary that the conjugal partnership be liquidated in order that the husband who acquired it may dispose of the same after the death of his wife; for inasmuch as such partnership does not exist in the said State, it cannot be liquidated. We also said in that case that the personal law relating to the individual is that of the country to which he belongs and follows him wherever he may go, a principle which is also established by section 9 of the Civil Code as applicable to citizens of Porto Rico although residing in foreign countries.

Notwithstanding this, the respondent registrar maintains in his brief that the sale should not be recorded because of the defect assigned, for the property was acquired by the husband during wedlock for a valuable consideration and as there is nothing in the deed to show that he purchased the same with his own money, it should be considered as community property.

We would agree with this view if the registrar had not admitted in his decision that the vendor married in the State of New York and that the community system did not exist there. But having admitted these facts in the decision appealed from, he cannot contend that the property is presumed to belong to the community and not to the husband who purchased it. It is true that three affidavits were submitted to the registrar to show that the appellant is a citizen of the State of New York, where he resides and was married; but as the registrar does not assign as a ground for his refusal to record the property that these facts could not be proved in that manner, he cannot allege at this time that the proof in question was insufficient for the purpose.

The citation by the registrar of the case of *Bracons* v. *Registrar of San Juan*, 24 P. R. R. 703, in support of his

refusal, to the effect that it is the law relating to real and not that relating to personal property which should govern in this case, is not applicable, because the doctrine therein established is that the law of Porto Rico applies to rights affecting real property situated in this Island, whether they arise by contract or by inheritance. However, that is not the question in the present case, the only question here being whether or not, there being no conjugal partnership in the marriage contracted by the vendor because he is a citizen of a State where such partnership does not exist, the property acquired by the appellant is presumed to be community property, and, therefore, whether he could freely dispose of the property after the death of his wife.

The decision appealed from should be reversed and the record ordered.

*Reversed and record ordered.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.